UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LONELL SMITH, JR., | Case No.: 3:23-cv-00006-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1, 1-1, 3 |
| BENJAMIN RHODES, et al., | |
| Defendants | |

Plaintiff, who is in the custody of the Washoe County Detention Facility (WCDF) has filed an application to proceed in forma pauperis (IFP) (ECF Nos. 1, 3) and pro se complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $11.66, and his average monthly deposits were $11.66.

Plaintiff's application to proceed IFP is granted. Plaintiff is required to pay an initial partial filing fee in the amount of $2.32 (20 percent of $11.66). Thereafter, whenever his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants the Reno Police Department, as well as Reno Police Department Detectives Benjamin Rhodes and Aaron Flickinger.

Plaintiff alleges that on January 8, 2021, at the Reno Police Department station, Detectives Rhodes and Flickinger made admittedly defamatory and slanderous statements regarding Plaintiff to a third party, Unzo Givens. Specifically, he alleges that Rhodes communicated to Givens that Plaintiff had involved Givens in the murder of Michael Roach. Plaintiff claims that on that date, Rhodes and Flickinger (who are both white males) intentionally and maliciously denied Plaintiff (an African American male) equal protection of the law by

attempting to ensure protections for Tanya Curtis (a white female) from Unzo Givens (an African American male) for her confirmed statements against Givens in the murder of Michael Roach. Plaintiff asserts that Rhodes and Flickinger refused to seek those same protections for either Plaintiff or Tacuma Mwanza (both African American males) despite their admitted defamatory and slanderous statements about Plaintiff. He further avers that on February 3, 2021, the Reno Police Department printed known defamatory statements in a police narrative in an official public document.

Based on these allegations, Plaintiff asserts claims for defamation and slander per se under Nevada Revised Statute (NRS) 200.510; equal protection under the Fourteenth Amendment; reckless disregard for the truth; false light gross negligence; and intentional infliction of emotional distress (IIED).

With the exception of the equal protection claim, Plaintiff's claims are based in state law.

The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. This "is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "The central inquiry in an Equal Protection Clause claim is whether a government action was motivated by a discriminatory purpose." *Ballou v. McElvain*, 29 F.4th 413, 422 (9th Cir. 2022), *as amended* (citation omitted). A section 1983 claim under the Equal Protection Clause generally requires the plaintiff to establish that the defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and quotation marks omitted).

Pared-down, Plaintiff (who is African American) claims that Defendants (who are white males) falsely stated that he involved Givens (an African American male) in a murder of another individual. It appears that Plaintiff is asserting the officers did not similarly publish statements against Givens made by Tanya Curtis (a white female).

Plaintiff's allegations do not implicate the Fourteenth Amendment's Equal Protection Clause because while Plaintiff is upset about the alleged false statements, there are no factual allegations to suggest that Defendants published these statements attributed to Plaintiff because of his race (i.e., for a discriminatory purpose). Given the nature of his allegations, it appears that amendment would be futile, but in an abundance of caution, the court will give Plaintiff leave to amend with respect to the equal protection claim.

The court will delay screening the state law claims until such time as the amended complaint is filed.[1]

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF Nos. 1, 3) is **GRANTED**; however, Plaintiff is required to pay, through WCDF, an initial partial filing fee in the amount of $2.33, within thirty days of this Order. Thereafter, whenever his inmate account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk is directed to **SEND** a copy of this Order to the attention of **Chief of Inmate Services for WCDF** at 911 E. Parr Blvd., Reno, NV 89512.

---

[1] If Plaintiff fails to state an equal protection claim in his amended complaint, the court will recommend dismissal of the state law claims without prejudice for lack of jurisdiction, to be pursued, if appropriate, in state court. *See* 28 U.S.C. §§ 1331, 1332, 1367.

(2) The Clerk shall **FILE** the complaint (ECF No. 1-1).

(3) The complaint is **DISMISSED WITH LEAVE TO AMEND** to correct the deficiencies noted herein.

(4) The Clerk shall **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(5) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court.[2] Plaintiff shall check the box for the first amended complaint on the court's form civil rights complaint. If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

Dated: February 2, 2023

_____
Craig S. Denney
United States Magistrate Judge

---

[2] If Plaintiff wishes to proceed with his state law claims, he must re-allege them in the amended complaint.

7