UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LONNELL SMITH, JR., | Case No. 3:23-cv-00006-ART-CSD |
| Plaintiff, | ORDER ADOPTING R&R IN PART |
| v. | (ECF Nos. 13, 22, 26, 28, 30) |
| BENJAMIN RHODES, et al., | |
| Defendants. | |

Plaintiff Robert Lonnell Smith sues the Reno Police Department and two Reno police detectives, Benjamin Rhodes and Aaron Flickinger, for having falsely told non-party Unzo Givens that Plaintiff had claimed that Givens was involved in a murder committed by Plaintiff Smith. Magistrate Judge Denney issued a Report and Recommendation (R&R) recommending that Plaintiff's federal claims in his First Amended Complaint (ECF No. 13) be dismissed with prejudice and that his state-law defamation claims be dismissed without prejudice. (ECF No. 13.) Plaintiff objected to the R&R. (ECF No. 22.) The Court adopts the R&R in part and dismisses Plaintiff's federal claim without prejudice and with leave to amend.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

After Plaintiff confessed to the Reno Police Department that he murdered Michael Roach, Reno Police Department detectives Rhodes and Flickinger (Defendants) interviewed nonparty Unzo Givens. (ECF No. 13.) According to their police report, Defendants told Givens that Plaintiff had said that Givens had participated in the murder. Defendants concede that the statement was false (because Plaintiff had not implicated Givens) and that they used this "untrue ruse" "in order to prompt a truthful response from Givens." (*Id.* at 29.) Defendants also falsely told Givens that Plaintiff and nonparties Tacuma M'wanza and Tanya Curtis had said that they would testify against Givens in court. (*Id.*) Defendants

1

then told Givens to "stay away from Curtis and to not cause any problems with her." (*Id.*)

Plaintiff alleges that Defendants willfully conspired to deprive him of equal protection of the law by falsely claiming to Unzo Givens that Plaintiff had "snitched" on him and that Defendants revealed racial animus by telling Givens to stay away from Tanya Curtis, a white woman, while not telling Defendant to stay away from Plaintiff or Tacuma Mwanza, who are both black men.

The R&R recommended dismissing Plaintiff's federal claims with prejudice and declining supplemental jurisdiction over Plaintiff's state law claims.

### III. Standard of Review

A District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addition to the screening requirements under § 1915A, a federal court must dismiss a prisoner's claim, if the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court applies the Fed. R. Civ. P. 12(b)(6) standard for failure to state a claim when reviewing the adequacy of a

complaint under § 1915. If a complaint is dismissed under § 1915(e), the court will give leave to amend the complaint with directions as to curing its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A claim is "plausible" if the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). In making this determination, the court takes as true the allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). In doing so, the Court holds the allegations of a *pro se* complainant to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

//

**III. ANALYSIS**

The Court must decide whether Plaintiff has alleged sufficient facts to state a claim under 42 U.S.C. §§ 1985 or 1986.

To state a claim under 42 U.S.C. § 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983).

42 U.S.C. § 1986 allows damages suits against anyone who has the power to stop a § 1985 conspiracy and neglects to do so. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (citing *Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983)). The Court must therefore find a § 1985 violation before finding liability under § 1986.

First, the Court must find whether Plaintiff has adequately alleged a civil conspiracy. "A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999), as amended on denial of reh'g (July 15, 1999). Plaintiff adequately alleged that Detectives Rhodes and Flickinger unlawfully combined to tell Givens a lie that could damage Plaintiff's reputation.

Second, the Court must decide whether Plaintiff has adequately pled that the officers' conspiracy was "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985. This section "provides no substantial rights itself," and instead allows claimants to seek damages for violations of the United States Constitution, like 42

4

U.S.C. § 1983. *See Scott*, 463 U.S. at 833 (citing *Great American Fed. S. & L. Ass'n v. Novotny*, 442 U.S. 366, 372 (1979)). Accordingly, the Court consults the § 1983 standard for constitutional claims sounding in defamation, like Plaintiff's.[1]

To state a claim sounding in defamation under 42 U.S.C. § 1983, the claimant must plead "more than mere injury to reputation." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 n.3 (9th Cir. 1999). The claimant must also allege "an injury to a liberty or property interest protected by the due process clause of the Fourteenth Amendment." *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 703 (1976)).

Plaintiff does not allege any facts that show injury to a liberty or property interest besides damage to his reputation. Without this element, Plaintiff cannot state a 42 U.S.C. § 1985 or § 1986 claim. Accordingly, Plaintiff's complaint must be dismissed.

As it is not clear that amendment would be futile, the Court grants Plaintiff leave to amend.

Without a federal claim, the Court may, and does, decline jurisdiction over Plaintiff's remaining state law defamation claims. *See* 28 U.S.C. § 1367.

**IV. CONCLUSION**

The Court adopts the R&R (ECF No. 18) in part and dismisses Plaintiff's amended complaint (ECF No. 13) without prejudice and with leave to amend.

The Court dismisses as moot Plaintiff's motions for compliance (ECF Nos. 26, 28, 30).

DATED THIS 27th day of January 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[1] Taking Plaintiff's *pro se* status into account, the Court construes his claim as arising under a violation of the Fourteenth Amendment, not the Thirteenth Amendment. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).